## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.P.-1**

**No. 17-0482** (Fayette County 16-JA-69)

## MEMORANDUM DECISION

Petitioner Mother J.P.-2, by counsel Joseph M. Mosko, appeals the Circuit Court of Fayette County's April 25, 2017, order terminating her parental rights to J.P.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Jennifer M. Alvarez, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her the opportunity to address the circuit court during the dispositional hearing wherein her parental rights were terminated.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner. According to the petition, the DHHR received a referral in April of 2016, which alleged that petitioner gave birth to a child after abusing controlled substances throughout the duration of her pregnancy. A Child Protective Services ("CPS") worker visited petitioner at the hospital and was informed that she and the child were going to stay at Turning Point, a rehabilitation facility, after their discharge. The child was suffering from side effects of drug withdrawal, was not eating, had a feeding tube, and required oxygen to help her breathe. Petitioner's nurse informed the worker that petitioner admitted to abusing methamphetamine, benzodiazepines, and marijuana. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as J.P.-1 and J.P.-2, respectively, throughout this memorandum decision.

[2]On appeal, petitioner does not specifically challenge the circuit court's termination of her parental rights.

1

DHHR also alleged that petitioner failed to find suitable housing for herself and the child. Petitioner was discharged from Turning Point after violating their smoking policy. Petitioner then moved locations over five times throughout the following months, living with various men and friends. As a result, the DHHR's Birth to Three services could not be implemented due to their inability to contact petitioner. In September of 2016, a service provider informed the CPS worker that petitioner missed several appointments and was behind in taking the child to the doctor and maintaining her shots. The DHHR noted that petitioner voluntarily relinquished her parental rights to another child during prior proceedings. Finally, the DHHR alleged that petitioner failed a drug screen when she tested positive for a prescription drug not prescribed to her.

In November of 2016, the circuit court held an adjudicatory hearing, during which petitioner stipulated to abusing the child. The circuit court granted petitioner a post-adjudicatory improvement period, which required that she (1) attend a crisis unit program; (2) participate in a long-term substance abuse treatment program; (3) not be arrested or charged with a crime; (4) submit to random drug screens; and (5) participate in supervised visitation following the successful completion of her substance abuse treatment, among other requirements.

In January or February of 2017, petitioner checked into The Mother's Program, an in-patient rehabilitation center. Less than two weeks later, petitioner informed the program employees that she was going to a bar and left the premises. Days later, petitioner was arrested due to driving under the influence of alcohol. Petitioner did not have a valid driver's license.

In April of 2017, the circuit court held a dispositional hearing. Petitioner was not present at the beginning of the hearing, but was represented by counsel. Finding that petitioner was aware of the hearing time, date, and purpose, the circuit court determined that petitioner voluntarily absented herself from the proceeding and continued without her. At that time, the DHHR requested to make a proffer regarding the evidence to be presented, should the matter proceed to a contested hearing. The circuit court permitted the proffer without objection. The DHHR stated that it provided petitioner with several chances to correct the conditions of abuse and neglect. However, petitioner failed to comply with the terms of her improvement period. Petitioner entered multiple rehabilitation programs which she did not complete. Petitioner failed to accept responsibility for her actions and blamed the CPS worker for her situation. Petitioner was also arrested for driving under the influence. Petitioner previously denied being intoxicated at the time of her arrest while in a multidisciplinary team ("MDT") meeting. The DHHR stated that petitioner had a serious drug problem, among other issues, that she was unwilling to address or acknowledge and requested that the circuit court find that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected and terminate petitioner's parental rights. When asked if the presented evidence had been disclosed during discovery, petitioner's counsel answered affirmatively and voiced his concern over petitioner's inability to comprehend the seriousness of her situation and her difficulty in accepting responsibility for the child.

Shortly after the circuit court began to make findings, petitioner entered the courtroom. After conferring with her counsel, petitioner requested to address the court. The circuit court allowed petitioner to speak, at which point she asked a question regarding paperwork concerning voluntary relinquishment, not termination of her parental rights. Petitioner's counsel informed

the circuit court that she had already been advised regarding the paperwork. The circuit court asked petitioner to sit down and then proceeded to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the future and that termination was necessary for the child's welfare.[3] Following the termination of her parental rights, petitioner requested to address the circuit court a second time and her request was denied. It is from the dispositional order dated April 25, 2017, that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's sole argument is that the circuit court failed to provide her with a meaningful opportunity to speak at the dispositional hearing. We disagree. West Virginia Code § 49-4-601(h) provides that "[i]n any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Additionally, West Virginia Code § 49-4-604(a)(2) grants respondents in abuse and neglect proceedings the opportunity to be heard at the dispositional hearing. In this case, contrary to petitioner's factual assertion that she was denied the opportunity to address the circuit court, the record on appeal is clear that the circuit court gave petitioner that opportunity at the dispositional hearing. Petitioner's counsel neither presented evidence, nor stated an intention to present evidence at the dispositional hearing. The record further demonstrates that petitioner did not object to any evidence the DHHR presented.

Further, despite arriving near the conclusion of her dispositional hearing, the circuit court provided petitioner a meaningful opportunity to address the court. However, instead of requesting to testify or present witnesses, petitioner only asked a question about paperwork regarding voluntary relinquishment of her parental rights, information she had already been apprised of by her counsel. It was only after requesting yet another opportunity to address the

---

[3]The unknown father's parental rights to the child were also terminated. According to the DHHR, the child is placed in a foster home with a goal of adoption therein.

court, after termination of her parental rights, that she was denied a second opportunity. Therefore, based on a thorough review of the record on appeal and the parties' argument, we find that petitioner's assertion that she was not provided an opportunity to address the circuit court at the dispositional hearing is not supported by the record.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 25, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker